```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-80831-Civ-ZLOCH
                              MAGISTRATE JUDGE P.A. WHITE
```

WILLIE L. WILLIAMS,            :

    Petitioner,            :
v.
                                    :        REPORT OF
WALTER A. McNEIL,                       MAGISTRATE JUDGE
                                    :

    Respondent.
_____:

## I. Introduction

Willie L. Williams, a state prisoner confined at Avon Park Correctional Institution at Avon Park, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the lawfulness of his convictions and sentences entered in Case No. 02-08131 in the Circuit Court of the Fifteenth Judicial Circuit of Florida at Palm Beach County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with attached documentary exhibits, the Court has the petitioner's response to an order regarding the limitations period, and the respondent's responses to an order to show cause and supplemental order to show cause with multiple exhibits.

## II. Claims

Williams raises the following two grounds for relief:

1.    His habitual offender sentence is violative of his Sixth

           Amendment right to a jury trial.

    2.    The evidence admitted at trial was insufficient to sustain his convictions of burglary of a dwelling and grand theft.

### III. Procedural History

The procedural history of this case is as follows. Upon retrial before a jury,[1] Williams was convicted of the offenses of burglary and grand theft of $300.00 or more. (DE# 12; Ex. 2, 3, 4). He was sentenced as an habitual felony offender to a total term of imprisonment of twenty years. (DE# 12; Ex. 7). Williams filed a timely notice of direct appeal. (DE# 12; Ex. 8). While the direct appeal proceeding was pending, he filed, through counsel, a motion to correct sentencing error pursuant to Fla.R.Crim.P. 3.800(b) in the trial court, challenging his habitual offender sentence pursuant to Blakely v. Washington, 524 U.S. 296 (2004); United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and Shepard v. United States, 544 U.S. 13 (2005). (DE# 12; Ex. 9). Following the state's response, the trial court summarily denied the motion. (DE# 12; Ex. 10, 11). Williams then raised on direct appeal the sole issue that the trial court violated his Sixth Amendment right to trial by jury by finding facts to impose the longer habitual felony offender sentence. (DE# 12; Ex. 12). The Florida Fourth District Court of Appeal affirmed the sentence imposed by the trial court in a *per curiam* decision without written opinion. (DE# 12; Ex. 14). See also Williams v. State, 926 So.2d 1291 (Fla. 4 DCA 2006)(table).

---

[1]Williams was retried after his convictions entered after his initial trial were reversed on direct appeal. See Williams v. State, 877 So.2d 884 (Fla. 4 DCA 2004)(holding that prosecutor's statement in closing argument as to defendant's right to remain silent was impermissible comment on defendant's right to remain silent, requiring reversal).

Williams next pursued pro se postconviction relief, filing a motion pursuant to Fla.R.Crim.P. 3.850 with supporting exhibits, subsequently amended, raising claims of ineffective assistance of trial counsel as well as a claim that his due process rights were violated when he was denied his right to be present during a critical stage of the proceedings. (DE# 16; Ex. S-1, S-3). The motion was summarily denied after a response from the state. (DE# 16; Ex. S-5, S-6). The trial court's ruling was affirmed without written opinion by the appellate court. (DE# 16; Ex. S-9). See also Williams v. State, 984 So.2d 1263 (Fla. 4 DCA 2008). Williams then came to this Court, filing the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

IV. Threshold Issues-Limitations, Exhaustion and Procedural Bar

The respondent asserted in his initial response to the order to show cause that the petition should be dismissed as time-barred pursuant to See 28 U.S.C. §2244(d)(1)-(2). For the reasons stated in the supplemental order to show cause (DE# 13), this argument is meritless. See Jimenez v. Quarterman, ___ U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). The respondent now concedes in his supplemental response that the petition has been timely-filed. The respondent further acknowledges that claim one of the instant petition has been properly exhausted before the state courts, warranting review of the claim on the merits. He argues, however, that Williams is not entitled to review on the merits of the claim raised in this federal proceeding as ground two, because the claim is unexhausted and prospectively procedurally barred from federal habeas corpus review. The respondent has addressed the claim on the merits in the alternative. The procedural defenses will be addressed below in the discussion section of this report.

V. <u>Standard of Review</u>

Petitioner filed his petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Post-AEDPA law, therefore, governs this action. <u>Abdul-Kabir v. Quarterman</u>, 550 U.S. 233, 127 S.Ct. 1654, 1664, 167 L.Ed.2d 585 (2007); <u>Penry v. Johnson</u>, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); <u>Davis v. Jones</u>, 506 F.3d 1325, 1331, n .9 (11 Cir. 2007). It is important to recognize just how limited is this Court's review in a habeas proceeding. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L .No. 104-132, 110 Stat. 1214 (1996), provides that a federal court may not grant the writ unless the state court adjudication on the merits either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

As the United States Supreme Court explained in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

4

In deciding whether a state court ruling involved an "unreasonable application" of federal law, this Court does not focus merely upon whether the state court decision was erroneous or incorrect; rather, this Court may issue a writ of habeas corpus only if the state court's application of clearly-established federal law was objectively unreasonable. *See id*. at 409-11. See also Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1418 (2009).

The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the U.S. Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412, 120 S.Ct. at 1523 (majority opinion by O'Connor, J.). Even where a state court denies an application for post-conviction relief without written opinion, that decision constitutes an "adjudication on the merits," and is thus entitled to the same deference as if the state court had entered written findings to support its decision. See Wright v. Sec. of Dep't of Corr., 278 F.3d 1245, 1255 (11 Cir. 2002). Further, findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. See 28 U.S.C. §2254(e)(1); Crowe v. Hall, 490 F.3d 840, 844 (11 Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 2053 (2008).

## VI. Discussion

### A. Ground One

Williams claims in ground one that his habitual offender sentence imposed pursuant to Fla.Stat. §775.04 is violative of his Sixth Amendment right to a jury trial. More specifically, Williams contends that the Florida habitual felony offender sentencing statute, which does not require a jury finding regarding his release date from prison and prior felony convictions and which uses a preponderance of the evidence standard to prove such factors, is

unlawful. This claim is meritless.

The Supreme Court has held that neither the Constitution nor any statute is violated when a prior offense, not charged in the indictment, is used to increase a sentence. <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 226- 27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). The fact of prior convictions has been excluded from those sentencing facts which a jury must determine ever since *Almendarez-Torres*. The Eleventh Circuit has applied *Almendarez-Torres* in holding that a district court does not violate the Sixth Amendment when a statutory maximum sentence is increased based upon judicial findings of prior convictions that were never proved to a jury beyond a reasonable doubt or affirmatively admitted by the defendant in his plea hearing. <u>See</u> <u>United States v. Shelton</u>, 400 F.3d 1325, 1330 (11 Cir. 2005). The Eleventh Circuit has further held that neither <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), nor <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) disturbed the Supreme Court's holding in *Almendarez-Torres*. <u>Id</u>. Various justices of the Supreme Court have, however, questioned the soundness of *Almendarez-Torres* in subsequent decisions. <u>See</u> <u>Shepard v. United States</u>, 544 U.S. 13, 27, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)(Thomas, J., concurring in part and concurring in the judgment)(suggesting that *Almendarez-Torres* "has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that [it] was wrongly decided"). <u>See also</u> <u>United States  v. McCain</u>, 358 Fed.Appx. 51, 52 (11 Cir. 2009).

Because Williams's prior convictions were used only during sentencing to increase his statutory maximum sentence, his Sixth

Amendment rights were not violated.[2] See Sherwood v. McNeil, 2008 WL 4790353, *13 (N.D.Fla. 2008)(stating that "[t]he date on which something occurred is the date on which it occurred, and so long as the date is officially memorialized, as it was in the instant case, submitting the 'question' of what date an earlier conviction was imposed would be a meaningless exercise). Thus, there was no constitutional error here.

This Court notes that Florida's habitual offender sentencing provisions allow the enhancement of sentences for recidivism, and the Florida courts have repeatedly rejected the similar claim that Florida's habitual felony offender statute, which enhances a sentence for recidivism, is unconstitutional based on Apprendi. See McBride v. State, 884 So.2d 476, 478 (Fla. 4 DCA 2004)(holding that *Blakely* does not entitle a defendant to have a jury determine whether he has the requisite predicate convictions for a habitual felony offender sentence); Gudinas v. State, 879 So.2d 616, 618 (Fla. 2004)(holding that habitual violent felony offender sentencing is unaffected by *Apprendi*). See also Wright v. State, 780 So.2d 216 (Fla. 5 DCA 2001).[3] Further, the Florida courts have specifically

---

[2]See Transcript of sentencing conducted on November 23, 2004. The sentencing transcript was attached as Exhibit "N" to the State's Response in the Rule 3.850 proceeding. (DE# 16; S-5).

[3]In so holding, the court in Wright stated in pertinent part as follows:

> ...Defendant argues that under the habitual felony offender statute, the trial judge must not only make a finding of fact that a prior conviction exists, but also must find that the conviction was for a qualified offense committed within five years, was not for a violation of section 893.13, Florida Statutes (1993), and had not been vacated, or the defendant pardoned. Therefore, he concludes that under *Apprendi*, the statute is unconstitutional.
>
> The United States Supreme Court expressly acknowledged in *Apprendi* that recidivism is a traditional basis for increasing a sentence and is a fact which does not relate to the commission of the offense before the court. (citation omitted). Nothing in *Apprendi* overrules the Florida Supreme Court's holding in Eutsey v. State, 383 So.2d 219 (Fla. 1980) that the determination that a defendant could not be

rejected the contention, raised by Williams here, that *Apprendi* requires a higher standard than preponderance of the evidence. See Dennis v. State, 784 So.2d 551 (Fla. 4 DCA 2001)(holding that *Apprendi* does not require that the requisite predicate convictions necessary to impose a violent career criminal sentence be proved to the jury beyond a reasonable doubt).

Accordingly, the state appellate court's affirmance of Williams' sentence on direct appeal did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. §2254(d); Williams, supra. "[A] state court's decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions.... [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003)(*quoting* Early v. Packer, 537 U.S. 3, 7-8 (2002). Petitioner is not entitled to federal habeas relief on his sentence challenge.

## B. Claim Two

Williams claims in ground two that the evidence admitted at his retrial consisted solely of circumstantial evidence and was insufficient to sustain his convictions of burglary of a dwelling and grand theft.[4] The respondent correctly maintains that Williams

---

       sentenced as an habitual felony offender was independent of the
       question of guilt in the underlying substantive offense and did not
       require the full panoply of rights afforded a defendant in the trial
       of the offense.

Wright, 780 So.2d 216, 216-17 (Fla. 5 DCA 2001).

    [4]When construing Williams' pro se petition and attached pages liberally, as this Court must, see Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519 (1972), it appears that Williams is essentially challenging his convictions on the basis of insufficiency of the evidence and not on the non-

8

is not entitled to review on the merits of this claim, because it is unexhausted and prospectively procedurally barred.

It is beyond dispute that before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies; 28 U.S.C. §2254(b)(1), thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29-30 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Further, to provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court thereby alerting that court to the federal nature of the claim. Baldwin, 541 U.S. at 29-30; Duncan, 513 U.S. at 365-366. See also O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Thus, an applicant's federal writ of habeas corpus shall not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c).[5] In Florida, exhaustion is ordinarily accomplished on

---

cognizable claim of actual innocence. This is true despite the fact that Williams labels his second claim as one of actual innocence. The actual innocence doctrine will be addressed herein, however, in connection with procedural bar.

[5] The terms of 28 U.S.C. §2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>     (A) the applicant has exhausted the remedies available in the courts of    the State; or
>     (B)(i) there is absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>           .   .   .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

direct appeal. If not, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979).

During the Rule 3.850 proceeding, Williams claimed that trial counsel improperly failed to file a motion for arrest of judgment based upon the state's failure to prove the crimes charged beyond a reasonable doubt, and the claim was found meritless.[6] See DE# 16; Ex. S-1, S-5, S-6, S-9). While the related ineffective assistance of trial counsel claim has been exhausted, the underlying substantive claim of insufficiency of the evidence has not in that it has never been raised as an independent substantive ground for relief. "A court considering ineffective assistance might never reach the underlying constitutional claims, and the rejection of the ineffective assistance claims without detailed comment does not bespeak any necessary ruling on the underlying constitutional claims." Turner v. Artuz, 262 F.3d 118, 123 (2 Cir. 2001). This is because an ineffective-assistance claim is analytically distinct from the substantive claim underlying it.

Therefore, whether or not Williams exhausted his ineffective-assistance claim regarding the insufficiency issue, his substantive claim raised here as ground two was not presented to the Florida courts. Bailey v. Nagle, 172 F.3d 1299, 1304 n. 8 (11 Cir. 1999). See also Levasseur v. Pepe, 70 F.3d 187, 192 (1 Cir. 1995)(finding that prior court's treatment of petitioner's underlying substantive claims in the context of ruling on his ineffective assistance claim did not preserve substantive claims themselves for review on collateral attack). Since Williams has already pursued a direct

---

[6]It is noted that the record refutes Williams' ineffective assistance of trial counsel claim. Trial counsel did move for judgment of acquittal at the close of all evidence. See Trial Transcript at 254-58.

appeal, where the claim could have and should have been raised, there are no remaining procedural avenues available in Florida which would allow Williams to return to the state forum and exhaust the subject claim.[7]

Claim two of this federal petition was defaulted when it was not properly raised on direct appeal, rendering the claim prospectively procedurally barred from federal habeas corpus review. Collier v. Jones, 910 F.2d 770, 773 (11 Cir. 1990)(where dismissal to allow exhaustion of unexhausted claims would be futile due to state procedural bar, claims are procedurally barred in federal court as well); Parker v. Dugger, 876 F.2d 1470, 1477-78 (11 Cir. 1989)("plain statement" rule of Harris v. Reed, 489 U.S. 255 (1989), does not apply when a claim was never presented in state court). See also Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999).[8] To overcome the procedural bar, Williams must demonstrate objective cause for the failure to properly raise the claim before the state courts and actual prejudice resulting from the error complained of. See Dretke v. Haley, 541 U.S. 386, 124 S.Ct. 1847 (2004). See also United States v. Frady, 456 U.S. 152, 168 (1982); Wainwright v.

---

[7]In Florida, issues which could be but are not raised on direct appeal may not be the subject of a subsequent Rule 3.850 motion for postconviction relief or state habeas corpus petition. Kennedy v. State, 547 F.2d 912 (Fla. 1989). See generally Patterson v. State, 664 So.2d 31(Fla. 4 DCA 1995)(holding that habeas corpus is not a vehicle for obtaining additional appeals on issues which were raised or should have been raised on appeal or could have been challenged pursuant to Fla.R.Crim.P. 3.850); Hunter v. State, 583 So.2d 369 (Fla. 2 DCA 1991)(defendant foreclosed from raising Fourth Amendment issue via postconviction relief proceedings, because issue should instead be raised on direct appeal).

[8]A procedural-default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999). In the first instance, the federal court must determine whether the last state court rendering judgment clearly and expressly stated that its judgment rested on a procedural bar. In the second instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Id. at 1303.

Sykes, 433 U.S. 72 (1977). Williams has not alleged, let alone demonstrated, objective cause for the failure to properly raise the claim in the state courts and actual prejudice resulting from the error complained of.

Moreover, application of the bar is appropriate in this case, because Williams has not established that a fundamental miscarriage of justice will result from application of the bar. To make such a showing, the petitioner must assert and demonstrate actual innocence. See House v. Bell, 547 U.S. 518, 126 S.Ct. 2064, 2077 (2006); Dretke v. Haley, 541 U.S. 386, 124 S.Ct. 1847 (2004). While Williams may be contending he is actually innocent, the actual innocence exception to the unreviewability of procedurally defaulted claims is applied only in the rarest of cases; see Dretke, 541 U.S. at 392-93, 124 S.Ct. at 1852, and Williams has failed to meet the high standard.⁹ See Bousley v. United States, 523 U.S. 614 (1998), quoting, Schlup v. Delo, 513 U.S. 298, 327-328 (1995).

Williams has come forward with no new evidence of factual

---

⁹The Supreme Court has reiterated the standard to be applied to claims of actual innocence. See House v. Bell, 547 U.S. 518, 537-38, 126 S.Ct. 2064, 2077 (2006)(citing Schlup v. Delo, 513 U.S. 298, 319-322, 324 (1995)). The Supreme Court noted that while the "standard is demanding and permits review only in the 'extraordinary' case", the Schlup standard does not require absolute certainty about the petitioner's guilt or innocence." Id. (citations omitted). Accordingly, "[a] petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt--or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." Id. The petitioner must support the actual innocence claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324. The Supreme Court emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id. See also High v. Head, 209 F.3d 1257 (11 Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039 (8 Cir. 2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2 Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States,153 F.3d 1305 (11 Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). In this federal proceeding, Williams has come forward with no new reliable evidence to support any claim of actual innocence.

innocence let alone reliable evidence. At most, he appears to argue that the state's case against him was based upon pure circumstantial evidence and that he had provided a reasonable explanation at trial as to why he was in possession of the subject stolen property. In other words, the evidence admitted at trial was insufficient to sustain his convictions. Such an argument constitutes a claim of legal insufficiency rather than factual innocence.[10] As noted herein, in the habeas context, "actual innocence" means factual innocence, not mere legal insufficiency. Bousley v. U.S., 523 U.S. at 623. Petitioner has, therefore, not demonstrated that a fundamental miscarriage of justice will result from the procedural default.[11] Accordingly, Williams is not entitled to federal habeas corpus review on the merits of claim two of this federal petition. See O'Sullivan v. Boerckel, 526 U.S. at 848-49. See also Coleman v. Thompson, 501 U.S. at 750-51; United States v. Frady, 456 U.S. at 168; Wainwright v. Sykes, 433 U.S. 72.

Even if Williams's claim was not procedurally barred, he would not be entitled to habeas corpus relief. The standard for review of the sufficiency of the evidence on a petition for federal habeas corpus relief is whether the evidence presented, viewed in a light most favorable to the state, would have permitted a rational trier

---

[10] The Supreme Court in *House* explained that the gateway actual-innocence standard of *Schlup* is by no means equivalent to the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)," which governs claims of insufficient evidence. House v. Bell, 547 U.S. 518, 538, 126 S.Ct. 2064, 2078 (2006), *citing*, Schlup v. Delo, 513 U.S. 298 (1995). The Court stated that when confronted with a challenge based on trial evidence, courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict. Id. Because a *Schlup* claim involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record. Id. As indicated, there had been no presentation of any new evidence by Williams.

[11] For a thorough review of the evidence admitted at trial which supports Williams' guilt of the crimes for which he was convicted, see Initial Brief of Appellant at 4-5, attached as Exhibit "o" to state's response to Rule 3.850 motion. (DE# 16; Ex. S-3). See also Trial Transcript. (DE# 16; S-11).

of fact to find the petitioner guilty of the crimes charged beyond a reasonable doubt.[12] Jackson v. Virginia, 443 U.S. 307 (1979); Smith v. White, 815 F.2d 1401 (11 Cir. 1987). This familiar standard gives full play to the responsibility of the jury to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. See Wilcox v. Ford, 813 F.2d 1140, 1143 (11 Cir. 1987), citing, Jackson v. Virginia, 443 U.S. at 326. The Jackson standard for the sufficiency of the evidence is equally applicable to direct or circumstantial evidence. Jackson v. Virginia, 443 U.S. at 320; United States v. Peddle, 821 F.2d 1521, 1525 (11 Cir. 1987). The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief. Wilcox v. Ford, 813 F.2d at 1143, citing Martin v. State of Alabama, 730 F.2d 721, 724 (11 Cir. 1984). It is not necessary that the evidence exclude every reasonable hypothesis except that of guilt. Holland v. United States, 348 U.S. 121, 140 (1954).

---

[12]Similarly, in Florida, the test for sufficiency of the evidence is whether a "rational trier of fact could have found proof of guilt beyond a reasonable doubt." Melendez v. State, 498 So.2d 1258, 1261 (Fla. 1986)(citing Jackson v. Virginia, 443 U.S. 307 (1979)). The courts do not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Lynch v. State, 293 So.2d 44, 45 (Fla. 1974)(stating that "[w]here there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge.") A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence admitted at trial, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. Gant v. State, 640 So.2d 1180, 1181 (Fla. 4 DCA 1994). It is for the jury to decide what inferences are to be drawn from the facts. Taylor v. State, 583 So.2d 323, 328 (Fla. 1991). In cases consisting solely of circumstantial evidence, a motion for judgment of acquittal will be granted if the state failed to present evidence from which the jury could exclude every reasonable hypothesis except that of guilt. State v. Law, 559 So.2d 187, 188 (Fla. 1989).

The evidence admitted at trial here, even if characterized as solely circumstantial evidence, was nonetheless more than sufficient to sustain the convictions. At trial, victim Yvonne Stein testified that while she was away from her home for a few hours, someone broke into her house. Her bicycle and jewelry were stolen. When she discovered the burglary, she immediately telephoned the police and her husband. Victim Stewart Stein testified that he returned home upon receiving the telephone call from his wife. As he entered his driveway, he saw a person on a bicycle on the southwest corner of his property and he believed that that person could be the perpetrator. When Stewart drove over to the man, he noticed that the man was riding his wife's bicycle and carrying his own duffle bag. Stewart detained the man until the police arrived. Inside the duffle bag was Yvonne's jewelry. Stewart testified that the man told him that he did not do it and that two guys gave him the stuff. The investigating officers noticed that the house was in disarray. Although the house was dusted for fingerprints, no usable fingerprints were obtained. Williams testified in his own behalf at trial that he found the duffle bag by a bicycle in a sugar cane field and that the bag contained jewelry. He admitted putting some of the jewelry in his pockets and riding off on the bicycle until stopped by Stewart. Williams also admitted that he had been convicted of twenty-three felonies.

Thus, there was competent substantial evidence admitted at trial by which the jury could reasonably infer that Williams was the perpetrator of the burglary and grand theft in that he was on the victim's property around the time the burglary had been committed and he was in possession of the victims' stolen property.[13] See

---

[13]In Florida, a defendant's explanation for his possession of recently stolen items is a question of fact to be resolved by the jury. See, generally, Barnlund v. State, 724 So.2d 632, 633 (Fla. 5th DCA 1998); T.S.R. v. State, 596 So.2d 766, 767 (Fla. 5 DCA 1992)(holding that unexplained possession of recently

Jackson v. Virginia, supra. This Court must defer to the jury's judgment as to the weight and credibility of the evidence. See Wilcox v. Ford, 813 F.2d 1140, 1143 (11 Cir. 1987), citing, Jackson v. Virginia, 443 U.S. at 326. Even if there was some evidence which gave support to Williams's theory of innocence, such a fact does not warrant habeas corpus relief. See Gibson v. Collins, 947 F.2d 780, 783 (5 Cir. 1991), cert. denied, 506 U.S. 833 (1992).

## VII. Conclusion

It is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 9th day of June, 2010.

UNITED STATES MAGISTRATE JUDGE

cc:  Willie L. Williams, Pro Se
     DC# 835160
     Avon Park Correctional Institution
     P. O. Box 1100
     County Road, 64 East
     Avon Park, FL 33826-1100

---

stolen property is sufficient to support a conviction for burglary even when there is no direct physical evidence linking the defendant to the crimes). The jury was instructed by the trial court as follows:

> Proof of unexplained possession by an accused of property recently stolen by means of burlgary may justify a conviction of burglary with intent to steal that property if the circumstances of the burglary and of the possession of stolen property, when considered in the light of all the evidence in the case convinces you beyond a reasonable doubt that the Defendant committed the burglary.

(Trial Transcript at 297).

```
Joseph A. Tringali, AAG
Office of the Attorney General
1515 North Flagler Drive, #900
West Palm Beach, FL 33401-3428
```